IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JABRIL LAWSON,<br>    PLAINTIFF | }<br>}<br>} |
| v. | }     JURY TRIAL DEMANDED<br>} |
| ABINGTON SMILE CENTER,<br>COMENITY CAPITAL BANK,<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., TRANS UNION,<br>LLC, AND EQUIFAX INFORMATION<br>SERVICES, LLC,<br>    DEFENDANTS | }<br>}<br>}     CASE No.<br>}<br>}<br>}<br>} |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.    INTRODUCTION

1. This is an action for damages brought by individual consumer Jabril Lawson against Abington Smile Center for Negligence, Comenity Capital Bank ("Comenity Bank"), Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Transunion"), and Equifax Information Services, LLC ("Equifax") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

### II.    JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. The venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

### III.  PARTIES

3. Plaintiff is a natural person residing in Delaware County, Pennsylvania.

4. Plaintiff is a "consumer" as defined under 15 U.S.C. § 1681a(c) of the FCRA.

5. Abington Smile Center is a dental practice providing general and cosmetic dental services to patients in the Abington area located at 1501 Old York Rd, Abington, PA 19001.

6. Comenity Bank is a national bank headquartered in Utah that issues numerous store-branded and co-branded credit cards for various retailers and operates consumer credit accounts throughout the United States.

7. Comenity Bank is a "furnisher of information" as defined under 15 U.S.C. § 1681s-2 of the FCRA.

8. Experian is a corporation with its principal place of business located at 475 Anton Blvd Costa Mesa, California 92626.

9. Experian is a "consumer reporting agency" that compiles and maintains files on consumers nationwide, as defined under 15 U.S.C. § 1681a(p) of the FCRA. Experian is regularly engaged in the business of compiling and maintaining files on consumers for the purpose of furnishing consumer reports to third parties regarding a consumer's creditworthiness, credit standing, or credit capacity.

10. Transunion is a corporation with its principal place of business located at 555 West Adams Street Chicago, Illinois 60661.

11. Transunion is a "consumer reporting agency" that compiles and maintains files on consumers nationwide, as defined under 15 U.S.C. § 1681a(p) of the FCRA. Transunion is regularly engaged in the business of compiling and maintaining files on consumers for

the purpose of furnishing consumer reports to third parties regarding a consumer's creditworthiness, credit standing, or credit capacity.

12. Equifax is a corporation with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

13. Equifax is a "consumer reporting agency" that compiles and maintains files on consumers nationwide, as defined under 15 U.S.C. § 1681a(p) of the FCRA. Equifax is regularly engaged in the business of compiling and maintaining files on consumers for the purpose of furnishing consumer reports to third parties regarding a consumer's creditworthiness, credit standing, or credit capacity.

## IV.     BACKGROUND

14. A *co-signer* is an individual who agrees to assume responsibility for a debt or credit obligation entered into by another person, known as the *primary borrower*, for the purpose of helping that borrower qualify for financing. The co-signer promises to repay the debt if the primary borrower fails to do so, but does not typically receive the benefit of the goods or services financed.

15. A *primary borrower* is the person who applies for credit, executes the relevant loan or credit documents, and receives the direct benefit of the financing, such as the product or service being paid for with the loan. In contrast, a co-signer generally does not share ownership or use of the financed asset or service but is equally liable for repayment should the primary borrower default. A *co-borrower* differs still, as a co-borrower jointly applies for credit and shares in both ownership and responsibility for repayment.

16. According to industry-standard credit-reporting procedures under the Metro 2® Format, which governs how furnishers of credit information report consumer accounts to the

national credit reporting agencies, furnishers must correctly identify each consumer's relationship to an account using the Equal Credit Opportunity Act ("ECOA") code or similar role indicator. These codes distinguish whether a consumer is the individual obligor (Code 1), a joint borrower (Code 2), or a co-maker/guarantor (Code 5). See *Consumer Data Industry Association (CDIA)*, *Credit Reporting Resource Guide* (Metro 2® Guidelines).

17. Under these reporting guidelines, a co-signer or guarantor should be coded and reported as such (for example, ECOA Code 5), indicating that the individual is secondarily liable and not the primary borrower. Payments, delinquencies, and other account activities are to be reported consistently for both the primary borrower and any co-signer, but the consumer's role on the account must remain accurate and distinguishable. Misreporting a co-signer as the primary obligor, or failing to identify the true borrower, constitutes inaccurate furnishing under Metro 2® standards and may violate the Fair Credit Reporting Act.

## V.     FACTUAL ALLEGATIONS

*Facts related to Co-Signer Transaction*

18. On or around August 9th, 2025, Plaintiff received a call from Jordan Fuller ("Mr. Fuller") while he was at Abington Smile Center to co-sign on a loan for him to get his teeth replaced stemming from receiving an elbow while playing basketball.

19. Plaintiff agreed to do it and gave his personal information to complete the transaction.

20. Plaintiff never signed any documentation—physically or electronically. His authorization was limited solely to allowing a credit inquiry for the purpose of co-signing a loan for Mr. Fuller.

21. Any paperwork bearing Plaintiff's signature was forged and therefore fraudulent.

22. Shortly thereafter, Mr. Fuller was approved for financing.

23. Later that day, Mr. Fuller had his teeth replaced at Abington Smile Center.

24. On or around August 23rd, 2025, Plaintiff receives a credit card in the mail in his name.

25. The credit card was from Alphaeon Credit, serviced by Comenity Bank.

26. Plaintiff was shocked as to why the credit card came in his name and not Mr. Fuller's, since he was the one who had his teeth corrected and why it was in the form of a credit card and not a loan.

27. Abington Smile Center never informed Plaintiff that financing would be obtained through Alphaeon Credit or that the financing would be structured as a revolving credit card.

28. Abington Smile Center also failed to inform Plaintiff of the amount financed or the Annual Percentage Rate ("APR") associated with the amount financed.

29. Upon information and belief, the representative working at Abington Smile Center negligently made Plaintiff the "Responsible Party", in other words, the "Primary Borrower", for the amount financed with Comenity Bank, which is incorrect.

30. Upon information and belief, Mr. Fuller has no ties to this debt that was financed at Abington Smile Center.

31. It is worth noting that Plaintiff is currently undergoing orthodontic treatment with braces through Penn Dental Medicine, making any dental replacement procedure impractical.

32. On or around September 21st, 2025, Comenity Bank reported the credit card to Plaintiff's credit report(s) and Plaintiff's credit score decreased by 29 points.

33. Plaintiff has had excellent credit for years and his score never decreased that much.

34. As a result of the conduct, action, and inaction of Abington Smile Center and Comenity Bank, Plaintiff has suffered damages, including actual damages but not limited to emotional distress, frustration, embarrassment, anger, and decreased Fico score, amongst other negative emotions.

<em>Facts Related to Full File Disclosure</em>

35. On or around November 5th, 2025, Plaintiff requested his full file disclosure under Section 1681g of the FCRA from Experian, Transunion, and Equifax.

36. The full file disclosure is more than what is provided in a consumer report or credit report – it is all the information the consumer reporting agency has on the consumer.

37. Upon information and belief, www.annualcreditreport.com is where most consumers obtain their Experian, Transunion, and Equifax credit disclosures.

38. Plaintiff initiated a request for his Experian consumer file disclosure through www.annualcreditreport.com but was notified that Experian was unable to process the request electronically and was directed to contact the agency by phone.

39. Plaintiff used the same personal identifying information to request his full file disclosure from Transunion and Equifax. Unlike Experian, Transunion, and Equifax successfully verified Plaintiff's identity and promptly provided him with his full file disclosure without issue. This demonstrates that Plaintiff's identity was verifiable and that Experian's refusal was not due to a Bona Fide Error.

40. In further effort to obtain his full file disclosure, Plaintiff submitted a written request via certified mail, accompanied by sufficient personal identifying information, including copies of his Driver's License, Social Security card, and a Credit Card Statement to verify his current address. **See Exhibit A.**

41. Even after all that, Experian refused to give Plaintiff his full file disclosure.

42. The law is very simple under Section 1681g – provide everything to Plaintiff that is in Plaintiff's file upon request.

43. Experian knew Plaintiff had requested this information and had identified who the Plaintiff was and requested the file to be sent to his home address.

44. Experian refused to provide all the data contained in its files.

45. Experian has deprived Plaintiff of his right to see everything in his file that is required to be provided to Plaintiff under Section 1681g.

46. Experian caused Plaintiff significant frustration and emotional distress by repeatedly failing to provide his full file disclosure, despite multiple attempts by Plaintiff to obtain it through the proper channels.

*Facts related to the Dispute*

47. After reviewing his credit report and/or credit file, Plaintiff noticed Comenity Bank reported the credit card as "Individual Account", which is inaccurate information.

48. Upon information and belief, Comenity Bank only reported credit information to Plaintiff's credit report and/or credit file.

49. Comenity Bank never reported any credit information to Mr. Fuller's credit report and/or credit file, resulting in the account being associated exclusively with Plaintiff.

50. Following that, on or around November 5th, 2025, Plaintiff disputed the completeness and accuracy of the Comenity Bank account ending in 1632 with Experian, Transunion, and Equifax (collectively the "CRAs") using their online portals.

51. Upon information and belief, the CRAs notified Comenity Bank of the disputes.

52. However, Comenity Bank failed and refused to investigate Plaintiff's dispute and correct its inaccurate reporting.

53. Comenity Bank continued to inaccurately report the account as an "Individual Account". **See Exhibit B.**

54. Considering Plaintiff is a co-signer on the account, he cannot be solely responsible for the credit obligation. The continued reporting of the account as an "Individual Account" is patently inaccurate.

55. Had a third party reviewed Plaintiff's credit report, the designation of the account as an "Individual Account" would have indicated that Plaintiff independently applied for and is solely responsible for the debt. This could have led the third party to incorrectly conclude that Plaintiff had an additional outstanding obligation for which he alone was liable, potentially affecting his creditworthiness, increasing the perceived risk of extending new credit, or resulting in higher interest rates or denial of credit.

56. Adding further injury to insult, Comenity Bank failed to update the account as disputed, which is a material violation. See *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

57. Comenity Bank failed to conduct a reasonable investigation, failed to correct and/or delete information they knew to be inaccurate, incomplete, or unverifiable, failed to contact Plaintiff or any third-parties, and failed to review underlying account information with respect to the disputed information and the accuracy of the disputed information.

58. Instead of conducting a reasonable investigation, Comenity Bank erroneously validated the account and reported and continues to report inaccurate information about Plaintiff to the consumer reporting agencies including Experian, Transunion, and Equifax.

59. Comenity Bank failed to remove or correct the disputed information, even after being notified that the information was inaccurate, incomplete, or unverifiable, and after their investigation revealed the information was indeed incorrect. Instead, Comenity Bank continued to furnish the inaccurate information to consumer reporting agencies including Experian, Transunion, and Equifax, causing ongoing harm to Plaintiff.

60. The CRAs failed to conduct a reasonable investigation.

61. The CRAs failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

62. The CRAs relied entirely on Comenity Bank to investigate the dispute, performing no independent inquiry to determine the accuracy of the account, and instead parroted the information it received from Comenity Bank, which this district has held is inadequate, as "the grave responsibility imposed by 1681i(a) must consist of something more than merely parroting information received from other sources". See *Crane v. Trans Union, LLC*, 282 F. Supp. 2d 311, 317 (E.D. Pa. 2003).

63. As a result of the conduct, action, and inaction of Comenity Bank, Experian, Transunion, and Equifax, Plaintiff has suffered damages, including actual damages, but not limited to emotional distress, frustration, embarrassment, anger, loss of time attempting to correct the error, and decreased FICO score, amongst other negative emotions.

## VI.    COUNT I
### NEGLIGENCE
### AGAINST DEFENDANT ABINGTON SMILE CENTER

64. Plaintiff incorporates by reference paragraphs 1-34 of this Complaint.

65. At all relevant times, Abington Smile Center owed Plaintiff a duty to exercise reasonable care in collecting, handling, and transmitting Plaintiff's personal and financial

information and in properly documenting and processing any financing transaction related to dental services.

66. Abington Smile Center had a further duty to ensure that any credit or financing applications it assisted with were accurate, properly authorized, and correctly attributed to the intended borrower, and that Plaintiff's personal information would not be used to create or submit a credit application without his informed and written consent.

67. Abington Smile Center breached its duty of care by negligently collecting and using Plaintiff's personal identifying information, by misrepresenting or misclassifying Plaintiff as the "Responsible Party" or "Primary Borrower" for financing intended for Mr. Fuller.

68. Abington Smile Center further breached its duty by failing to verify Plaintiff's identity and intent before transmitting credit information to Comenity Capital Bank, by failing to obtain written or electronic authorization from Plaintiff for the creation of the credit account, and by negligently transmitting inaccurate or incomplete borrower information to Comenity Capital Bank and/or Alphaeon Credit.

69. As a direct and proximate result of Abington's negligence, a credit account was opened in Plaintiff's name without proper authorization, resulting in a decrease in his credit score, emotional distress, reputational harm, and other damages.

70. Abington's conduct fell below the standard of care exercised by a reasonably prudent dental or medical office engaged in assisting patients with third-party financing. A reasonably prudent entity in Abington's position would have verified Plaintiff's written consent, properly documented the application, and confirmed the identity of the true borrower before processing any credit application.

71. As a direct and proximate result of Defendant's acts and omissions, Plaintiff has suffered actual damages, including but not limited to loss of creditworthiness, emotional distress, anxiety, embarrassment, and interference with his personal and professional affairs.

72. Plaintiff is entitled to recover damages in an amount to be determined at trial, together with costs, interest, and such other and further relief as this Court deems just and proper.

## VII.     COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-2(b)
## AGAINST DEFENDANT COMENITY CAPITAL BANK

73. Plaintiff incorporates by reference paragraphs 1-13 and 47-63 of this Complaint.

74. After receiving the dispute, Comenity Bank failed to correct the false information reported on Plaintiff's credit report and/or credit file.

75. Comenity Bank violated 15 U.S.C. § 1681s-2(b) by failing to fulfill its obligations as a furnisher upon receiving notice of a dispute.

76. Comenity Bank multiple sections of 15 U.S.C. § 1681s-2(b), including but not limited to: [a] failing to conduct a reinvestigation with respect to the disputed information; [b] failing to report the results of the investigation to the consumer reporting agency; [c] failing to report accurate information to the consumer reporting agencies after a dispute including Experian, Transunion, and Equifax and other consumer reporting agencies known and unknown; and [d] failing to delete the incomplete and/or inaccurate information.

77. As a result of the conduct, action, and inaction of Comenity Bank, Plaintiff has suffered actual damages, including but not limited to emotional distress, frustration,

embarrassment, anger, loss of time attempting to correct the error, and decreased FICO score, amongst other negative emotions.

78. Comenity Bank's conduct, action, and inaction were willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

79. In the alternative, Comenity Bank was negligent, Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

80. Plaintiff is entitled to recover costs from Comenity Bank pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### VIII.   COUNT III
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681g
### AGAINST DEFENDANT EXPERIAN

81. Plaintiff incorporates by reference paragraphs 1-13 and 35-46 of this Complaint.

82. Experian violated 15 U.S.C. § 1681g by failing to provide Plaintiff with his full file disclosure upon request, thereby denying him access to the information in his file as required by the Fair Credit Reporting Act.

83. As a result of the conduct, action, and inaction of Experian, Plaintiff has suffered actual damages, including but not limited to emotional distress, frustration, and inability to verify information.

84. The conduct, action, and inaction of Experian was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

85. In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

86. Plaintiff is entitled to recover costs from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

87. After receiving the dispute, the CRAs failed to correct the false information reporting on Plaintiff's credit report and/or credit file.

### IX.     COUNT IV
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### AGAINST DEFENDANTS EXPERIAN, TRANSUNION, AND EQUIFAX

88. Plaintiff incorporates by reference paragraphs 1-13 and 47-63 of this Complaint.

89. After receiving the dispute, the CRAs failed to correct the false information reporting on Plaintiff's credit report and/or credit file.

90. CRAs violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

91. As a result of the conduct, action, and inaction of the CRAs, Plaintiff has suffered actual damages, including but not limited to emotional distress, frustration, embarrassment, anger, loss of time attempting to correct the error, and decreased FICO score, amongst other negative emotions.

92. The conduct, action, and inaction of the CRAs were willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

93. In the alternative, the CRAs were negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

94. Plaintiff is entitled to recover costs from the CRAs pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### X.     COUNT V
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST DEFENDANTS EXPERIAN, TRANSUNION, AND EQUIFAX

95. Plaintiff incorporates by reference paragraphs 1-13 and 47-63 of this Complaint.

96. After receiving the dispute, the CRAs failed to correct the false information reported on Plaintiff's credit report and/or credit file.

97. CRAs violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation, failing to provide notification of the dispute to any person who provided any item of information in dispute, and failing to delete information that was inaccurate, incomplete, or cannot be verified.

98. Without any explanation or reason, the CRAs continue to report this unverifiable, inaccurate, and otherwise incomplete information about Plaintiff.

99. As a result of the conduct, action, and inaction of the CRAs, Plaintiff has suffered actual damages, including but not limited to emotional distress, frustration, embarrassment, anger, loss of time attempting to correct the error, and decreased FICO score, amongst other negative emotions.

100. The conduct, action, and inaction of CRAs were willful, rendering the CRAs liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

101. In the alternative, the CRAs was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

102. Plaintiff is entitled to recover costs from the CRAs pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## XI.   JURY DEMAND AND PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant's for:

    A. Judgment against Abington Smile Center for Negligence;

B. Judgment against Comenity Bank, Experian, Transunion, and Equifax for violating the Fair Credit Reporting Act;

C. Statutory damages;

D. Actual damages;

E. Punitive damages;

F. Costs incurred to initiate this case; and

G. For such other and further relief as the Court may deem just proper.

Respectfully Submitted,

Dated: December 4th, 2025                    By: __/s/ *Jabril Lawson*___

Jabril Lawson – Pro Se Plaintiff
260 Green Avenue
Lansdowne, PA 19050
(267) 838-2010
Jabrilllawson2@gmail.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jabril Lawson

### DEFENDANTS
Abington Smile Center, Comenity Capital Bank, et al.

**(b)** County of Residence of First Listed Plaintiff: **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
260 Green Avenue Lansdowne, PA 19050
(267) 838-2010

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [x] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 usc 1681
Brief description of cause:
Negligence and Violation of the Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: December 4th, 2025

SIGNATURE OF ATTORNEY OF RECORD: /s/ Jabril Lawson

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   (b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   (c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: [Nature of Suit Code Descriptions](#).

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.